UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ANGEL DELEON,

              Plaintiff,

-against-

R.D. RICE CONSTRUCTION, INC., EMPIRE ERECTORS
AND ELECTRICAL CO., INC., THE PADDED WAGON,
INC., and RIGGED RITE, INC.,

              Defendants.
-------------------------------------------------------------------X

Case No.: 08cv2517(SAS)

**NOTICE OF MOTION TO
REMAND**

PLEASE TAKE NOTICE, that upon the annexed Affirmation in Support of Andrew L.

Libo, Esq., duly affirmed the 10th day of April, 2008, and all other papers and proceedings held

herein, the undersigned will move this Court at 500 Pearl Street, New York, New York, before

Hon. Shira A. Scheindlin on May 19, 2008 for an order pursuant to 28 U.S.C. §1447(c)

remanding this action back to Supreme Court State of New York, County of Bronx and for any

further relief as this Court may deem just and proper, including the costs of the removal as

proscribed in 28 U.S.C. §1447(c).

Dated: New York, New York
       April 10, 2008

Yours etc.,

By: ANDREW L. LIBO (8335)
GERSOWITZ, LIBO & KOREK, P.C.
Attorneys for Plaintiff
111 Broadway, 12th Floor
New York, New York 10006
(212)385-4410

TO:

GOLDBERG & ASSOCIATES
Attorneys for Defendants The Padded
Wagon, Inc. and Rigged Rite, Inc.
39 Broadway, 17th Floor
New York, New York 10006

MCMAHON, MARTINE & GALLAGHER
Attorneys for Defendant R.D. Rice Construction, Inc.
55 Washington Street, 7th Floor
Brooklyn, New York 11201

BIVONA & COHEN, P.C.
Attorneys for Defendant Empire Erectors and
Electrical Co., Inc.
Wall Street Plaza
88 Pine Street, 25th Floor
New York, New York 10005

ROBINSON & COLE, LLP
Attorneys for Third-Party Defendant
First Specialty Insurance Company
695 East Main Street
Stamford, CT 06901

LAW OFFICE OF THOMAS K. MOORE
Attorneys for Third-Party Defendant
Carvart Glass, Inc.
701 Westchester Avenue, Suite 101W
White Plains, New York 10604

GOLDBERG & CONNOLLY
Attorneys for Third-Party Defendant
RG Glass Creations, Inc.
66 North Village Avenue
Rockville Centre, New York 11570

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ANGEL DELEON,

        Plaintiff,

-against-

R.D. RICE CONSTRUCTION, INC., EMPIRE ERECTORS
AND ELECTRICAL CO., INC., THE PADDED WAGON,
INC., and RIGGED RITE, INC.,

        Defendants.
-------------------------------------------------------------------X

Case No.: 08cv2517(SAS)

**AFFIRMATION IN
SUPPORT OF MOTION
TO REMAND**

SIRS:

        PLEASE TAKE NOTICE that the within is a true copy of a Motion to Remand filed in the above named Court:

    1.    The Plaintiff requests that this case be remanded back to the Supreme Court of the State of New York, County of Bronx where this action was commenced bearing index number 13662/06. This court lacks original jurisdiction of this matter since there is a lack of diversity of citizenship between the Plaintiff and Defendants under 28 U.S.C. §1332(a). Additionally, the Defendants removal of this matter is untimely under 28 U.S.C. §1446(b) because removal occurred more than one year after the commencement of this action in Supreme Court, Bronx County. Removal of this matters is also improper under 28 U.S.C. §1441(b) because the Defendants are citizens of New York, the forum state.

    2.    The instant case arises out of injuries sustained by the Plaintiff, Angel Deleon on February 9, 2006 at a construction/work site located at 521 West 23rd Street, New York, New York. The Plaintiff was injured during the course of his employment when a crate of glass was dropped on his left hand, severing the distal tip of his left index finger. The Plaintiff underwent two surgeries to repair the partial amputation of his left index finger.

3.    On April 4, 2006, Plaintiff commenced this action through the filing of a Summons and Verified Complaint in the Supreme Court of the State of New York, County of Bronx. The basis of venue is the principal place of business of Defendants Empire Erectors and Electrical Co., Inc. and Rigged Rite, Inc. (Annexed hereto as Exhibit "A" are the relevant portions of Plaintiff's Summons and Verified Complaint filed on April 4, 2006).

4.    A copy of the Summons and Verified Complaint was served upon the Defendant R.D. Rice Construction, Inc. on April 19, 2006. Service was made upon the Defendant Empire Erectors and Electrical Co., Inc. on June 12, 2006 and upon Defendants The Padded Wagon, Inc. and Rigged Rite, Inc. on April 25, 2006 (Annexed hereto as Exhibit "B" are copies of the Affidavits of Service of the Summons and Verified Complaint on the Defendants).

5.    The Padded Wagon, Inc. and Rigged Rite, Inc. joined issue by service of an answer to the Verified Complaint on June 26, 2006. Defendant R. D. Rice Construction, Inc. answered the Verified Complaint on July 6, 2006 and Defendant Empire Erectors and Electrical Co., Inc. answered the Verified Complaint on August 11, 2006.

6.    Subsequently, Defendant R.D. Rice Construction, Inc. commenced a third-party action by impleading various other parties. On June 22, 2007, the third-party action was severed from the underlying action and is currently pending in Supreme Court of the State of New York, County of Bronx bearing index number 85769/07.

7.    On March 6, 2008 and March 7, 2008 the Examination Before Trial of the Plaintiff, Angel Deleon was commenced. To date however, despite testimony taken over two days, Plaintiff's Examination Before Trial has not been completed.

8.    On March 13, 2008, your affiant was noticed by Defendants, The Padded Wagon, Inc. and Rigged Rite, Inc. that they were removing the within matter to the United States District

Court for the Southern District of New York pursuant to 28 U.S.C. §1441. On March 14, 2008, Defendants The Padded Wagon, Inc. and Rigged Rite, Inc. filed an Amended Notice of Removal with the United States District Court for the Southern District of New York.

9.    Defendants R.D. Rice Construction, Inc. and Empire Erectors and Electrical Co., Inc. consented to the removal of this matter to the United States District Court for the Southern District of New York.

10.    Defendants, The Padded Wagon, Inc. and Rigged Rite, Inc. use as their basis for the removal of the within matter from Supreme Court of the State of New York, County of Bronx to this Court, the allegation that this Court is vested with subject matter jurisdiction pursuant to 28 U.S.C. §1332(a). More specifically, the defendants allege that the Plaintiff was a domiciliary of North Carolina prior to the date this action was commenced on April 4, 2006.

11.    However, at the time this action was commenced, the Plaintiff was a domiciliary of the State of New York. The Plaintiff did not move to North Carolina until June or July of 2006, two to three months after this action had been commenced in Supreme Court, Bronx County (Annexed hereto as Exhibit "C" are the relevant portions of the Plaintiff's Worker's Compensation file which indicate that he was domiciled in New York State when this action was commenced). In fact, at the time this action was commenced Plaintiff resided in and worked in New York State. The Plaintiff also received medical treatment related to this accident within New York State. (Annexed hereto as "D" is a copy of an affidavit sworn to by the Plaintiff on March 21, 2008 indicating that he resided in New York State at the time this action was commenced).

12.    Defendants, The Padded Wagon, Inc. and Rigged Rite, Inc. base their claim that the Plaintiff was domiciled in North Carolina when this action was commenced solely on unexecuted testimony given by the Plaintiff during his Examination Before Trial on March 6,

2008 and March 7, 2008. In fact, Defendants concede in their Notice of Removal that Plaintiff's Examination Before Trial is not yet complete. Defense counsel relied upon portions of the Plaintiff's unexecuted transcripts to attempt to establish diversity jurisdiction without ever having provided Plaintiff the opportunity to complete his Examination Before Trial and to review and sign the transcript. Interestingly, Defense counsel failed to note contradictory portions of the Plaintiff's Examination Before Trial, testimony which establish that the Plaintiff resided in New York State when this state action was commenced.

13.    Prior testimony given by Mr. Deleon under oath in an unrelated matter supports his claim that he was a citizen of New York State at the time this action was commenced.[1]  At his Examinations Under Oath conducted on March 9, 2007 and September 7, 2007, Mr. Deleon testified that he did not move to North Carolina until June or July of 2006. (Annexed hereto as Exhibit "E" is a copy of the relevant portions of Plaintiffs Examinations Under Oath dated March 9, 2007 and September 7, 2007).

14.    While, the Defendants allege in their Notice of Removal that the Plaintiff testified at his Examination Before Trial that he obtained a North Carolina driver's license prior to the commencement of this action to support their argument regarding Plaintiff's domicile, the evidence is to the contrary. Infact, a certified Driving Record from the North Carolina Division of Motor Vehicles indicates that Mr. Deleon was not issued a North Carolina driver's license until September 07, 2006, well after the date this action was commenced. (Annexed hereto as Exhibit "F" is a certified copy of Plaintiff's Driving Record from the North Carolina Division of Motor Vehicles dated March 18, 2008).

---

[1]  Plaintiff commenced an action for uninsured motorist benefits for personal injuries resulting from an unrelated motor vehicle accident that occurred on August 26, 2006 where Plaintiff was a pedestrian. Examinations Under Oath by Progressive Insurance Company were conducted on March 9, 2007 and September 7, 2007.

15.    Plaintiff, Angel Deleon was a citizen of New York State at the time this action was commenced in Supreme Court, Bronx County, and accordingly there is no diversity of citizenship pursuant to 28 U.S.C. 1332(a). The Defendants, The Padded Wagon, Inc. and Rigged Rite, Inc.'s removal of this matter is also improper pursuant to 28 U.S.C. §1441(b) and 28 U.S.C. §1446(b). The Defendants, citizens of New York State, removed this matter to this Court despite the clear language of §1441(b).  Removal is also untimely under §1446(b) since Defendants removed the within matter more than one year after the commencement of this action in Supreme Court, Bronx County. For the above reasons, this matter must respectfully be remanded back to Supreme Court of the State of New York, County of Bronx.

WHEREFORE, Plaintiff, Angel Deleon, respectfully requests, that the above-captioned action now pending in the United States District Court, Southern District of New York be remanded back to the Supreme Court of the State of New York, County of Bronx, and for any further relief as this Court may deem just and proper, including the costs of the removal as proscribed in §1447(c).

Dated: New York, New York
     April 10, 2008

Yours etc.,

By: ANDREW L. LIBO (8335)
GERSOWITZ, LIBO & KOREK, P.C.
Attorneys for Plaintiff
111 Broadway, 12th Floor
New York, New York 10006
(212)385-4410

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-----------------------------------------------------------X

ANGEL DELEON,

                                    Plaintiff,

                    - against -

R.D. RICE CONSTRUCTION, INC.,
EMPIRE ERECTORS AND ELECTRICAL CO.,
INC., THE PADDED WAGON, INC., and
RIGGED RITE INC.,

-----------------------------------------------------------X

Date Filed: **4-4-06**

Index No.: **13662-2006**

**SUMMONS**

Plaintiff designates Bronx County
as the Place of Trial

The basis of venue is Defendant's
principal place of business.

**TO THE ABOVE NAMED DEFENDANTS:**

    **YOU ARE HEREBY SUMMONED** to answer the Complaint in this Action and to serve a copy of your Answer on Plaintiff's attorneys within 20 (twenty) days after the service of this Summons, exclusive of the day of service of this Summons, or within 30 (thirty) days after service of this Summons is complete if this Summons is not personally delivered to you within the State of New York.

    In case of your failure to Answer this Summons within the time prescribed by law, a Judgment by Default will be taken against you for the relief demanded in the Complaint, together with the costs of this action.

Dated: New York, New York
      March 31, 2006

GERSOWITZ, LIBO & KOREK, P.C.

ANDREW L. LIBO
Attorneys for Plaintiff, ANGEL DELEON
111 Broadway, 12th Floor
New York, New York 10006
Tel: 212-385-4410

TO:

R.D. RICE CONSTRUCTION, INC.
532 West 30th Street
New York, NY 10001

THE PADDED WAGON, INC.
163 Exterior Street
Bronx, NY 10451

EMPIRE ERECTORS and ELECTRICAL CO., INC.
102 Bruckner Boulevard
Bronx, NY 10454

RIGGED RITE INC.,
163 Exterior Street
Bronx, NY 10451

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---------------------------------------------------------------X

ANGEL DELEON,
                        :
                  Plaintiff,    :

                  - against -    :

R.D. RICE CONSTRUCTION, INC.,    :
EMPIRE ERECTORS AND ELECTRICAL CO.,  :
INC., THE PADDED WAGON, INC., and   :
RIGGED RITE INC.,                   :

---------------------------------------------------------------X

Index No.: **13662-2006**

**VERIFIED COMPLAINT**

Plaintiff ANGEL DELEON, by his attorneys GERSOWITZ, LIBO & KOREK, P.C., as and

for his Verified Complaint, alleges the following upon information and belief that:

## AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION
### Labor Law § 240

    1.     At all times hereinafter mentioned, Plaintiff, ANGEL DELEON, was and still is a

resident of the County of Kings, City and State of New York.

    2.     At all times hereinafter mentioned, Defendant, R.D. RICE CONSTRUCTION, INC.,

was and still is a domestic corporation, duly organized and existing under and by virtue of the laws

of the State of New York.

    3.     At all times hereinafter mentioned, Defendant, R.D. RICE CONSTRUCTION, INC.,

was and still is a foreign corporation authorized to do business in the State of New York.

    4.     At all times hereinafter mentioned, Defendant, EMPIRE ERECTORS AND

ELECTRICAL CO., INC., was and still is a domestic corporation, duly organized and existing under

and by virtue of the laws of the State of New York.

    5.     At all times hereinafter mentioned, Defendant, EMPIRE ERECTORS AND

ELECTRICAL CO., INC., was and still is a foreign corporation authorized to do business in the

State of New York.

6.      At all times hereinafter mentioned, Defendant, THE PADDED WAGON, INC., was and still is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York.

7.      At all times hereinafter mentioned, Defendant, THE PADDED WAGON, INC., was and still is a foreign corporation authorized to do business in the State of New York.

8.      At all times hereinafter mentioned, Defendant, RIGGED RITE INC., was and still is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York.

9.      At all times hereinafter mentioned, Defendant, RIGGED RITE INC., was and still is a foreign corporation authorized to do business in the State of New York.

10.      At all times hereinafter mentioned, Defendant, R.D. RICE CONSTRUCTION, INC. was the general contractor performing certain construction and renovation work at the building and premises known as 521 West 23rd Street, in the County, City and State of New York.

11.      At all times hereinafter mentioned, Defendant, R.D. RICE CONSTRUCTION, INC., operated the aforementioned building and premises.

12.      At all times hereinafter mentioned, Defendant, R.D. RICE CONSTRUCTION, INC., managed the aforementioned building and premises.

13.      At all times hereinafter mentioned, Defendant, R.D. RICE CONSTRUCTION, INC., maintained the aforementioned building and premises.

14.      At all times hereinafter mentioned, Defendant, R.D. RICE CONSTRUCTION, INC., controlled the aforementioned building and premises.

2

15. At all times hereinafter mentioned, Defendant, R.D. RICE CONSTRUCTION, INC., inspected the aforementioned building and premises on a regular basis.

16. At all times hereinafter mentioned, Defendant, R.D. RICE CONSTRUCTION, INC., visited the aforementioned building and premises on a regular basis.

17. At all times hereinafter mentioned, Defendant, EMPIRE ERECTORS AND ELECTRICAL CO., INC., was hired to perform certain construction and renovation work at the aforementioned premises.

18. At all times hereinafter mentioned, Defendant, EMPIRE ERECTORS AND ELECTRICAL CO., INC., was hired by Defendant, R.D. RICE CONSTRUCTION, INC., pursuant to written contract to perform work at the aforementioned premises.

19. At all times hereinafter mentioned, Defendant, EMPIRE ERECTORS AND ELECTRICAL CO., INC., was hired by Defendant, R.D. RICE CONSTRUCTION, INC., pursuant to oral agreement to perform work at the aforementioned premises.

20. At all times hereinafter mentioned, Defendant, R.D. RICE CONSTRUCTION, INC., procured a certain crane for use at the aforementioned premises for purposes relating to construction, remodeling, renovation, maintenance, and other uses.

21. At all times hereinafter mentioned, Defendant, R.D. RICE CONSTRUCTION, INC., procured a certain crane for use at the aforementioned premises for purposes relating to delivery of materials.

22. At all times hereinafter mentioned, Defendant, R.D. RICE CONSTRUCTION, INC., leased a certain crane for at the aforementioned premises for purposes relating to construction, remodeling, renovation, maintenance, and other uses.

3

23.    At all times hereinafter mentioned, Defendant, R.D. RICE CONSTRUCTION, INC., leased a certain crane for use at the aforementioned premises for purposes relating to delivery of materials.

24.    At all times hereinafter mentioned, Defendant, EMPIRE ERECTORS AND ELECTRICAL CO., INC., procured a certain crane for use at the aforementioned premises for purposes relating to construction, remodeling, renovation, maintenance, and other uses.

25.    At all times hereinafter mentioned, Defendant, EMPIRE ERECTORS AND ELECTRICAL CO., INC., procured a certain crane for use at the aforementioned premises for purposes relating to delivery of materials.

26.    At all times hereinafter mentioned, Defendant, EMPIRE ERECTORS AND ELECTRICAL CO., INC., leased a certain crane for at the aforementioned premises for purposes relating to construction, remodeling, renovation, maintenance, and other uses.

27.    At all times hereinafter mentioned, Defendant, EMPIRE ERECTORS AND ELECTRICAL CO., INC., leased a certain crane for use at the aforementioned premises for purposes relating to delivery of materials.

28.    At all times hereinafter mentioned, Defendant, THE PADDED WAGON, INC., procured a certain crane for use at the aforementioned premises for purposes relating to construction, remodeling, renovation, maintenance, and other uses.

29.    At all times hereinafter mentioned, Defendant, THE PADDED WAGON, INC., procured a certain crane for use at the aforementioned premises for purposes relating to delivery of materials.

30.    At all times hereinafter mentioned, Defendant, THE PADDED WAGON, INC.,

4

leased a certain crane for at the aforementioned premises for purposes relating to construction, remodeling, renovation, maintenance, and other uses.

31.    At all times hereinafter mentioned, Defendant, THE PADDED WAGON, INC., leased a certain crane for use at the aforementioned premises for purposes relating to delivery of materials.

32.    At all times hereinafter mentioned, Defendant, RIGGED RITE INC., procured a certain crane for use at the aforementioned premises for purposes relating to construction, remodeling, renovation, maintenance, and other uses.

33.    At all times hereinafter mentioned, Defendant, RIGGED RITE INC., procured a certain crane for use at the aforementioned premises for purposes relating to delivery of materials.

34.    At all times hereinafter mentioned, Defendant, RIGGED RITE INC., leased a certain crane for at the aforementioned premises for purposes relating to construction, remodeling, renovation, maintenance, and other uses.

35.    At all times hereinafter mentioned, Defendant, RIGGED RITE INC., leased a certain crane for use at the aforementioned premises for purposes relating to delivery of materials.

36.    At all times hereinafter mentioned, Defendant, EMPIRE ERECTORS AND ELECTRICAL CO., INC., owned a certain crane.

37.    At all times hereinafter mentioned, Defendant, EMPIRE ERECTORS AND ELECTRICAL CO., INC., owned a certain crane which was utilized to move loads at the aforementioned premises.

38.    At all times hereinafter mentioned, Defendant, EMPIRE ERECTORS AND ELECTRICAL CO., INC., owned a certain crane which was utilized to move loads, including loads

5

of glass and other construction materials, at the aforementioned premises.

39.    At all times hereinafter mentioned, Defendant, EMPIRE ERECTORS AND ELECTRICAL CO., INC., operated the aforementioned crane at the aforementioned premises.

40.    At all times hereinafter mentioned, Defendant, EMPIRE ERECTORS AND ELECTRICAL CO., INC., managed the aforementioned crane at the aforementioned premises.

41.    At all times hereinafter mentioned, Defendant, EMPIRE ERECTORS AND ELECTRICAL CO., INC., maintained the aforementioned crane at the aforementioned premises.

42.    At all times hereinafter mentioned, Defendant, EMPIRE ERECTORS AND ELECTRICAL CO., INC., controlled the aforementioned crane at the aforementioned premises.

43.    At all times hereinafter mentioned, Defendant, THE PADDED WAGON, INC., was hired by Defendant, R.D. RICE CONSTRUCTION, INC., pursuant to written contract.

44.    At all times hereinafter mentioned, Defendant, THE PADDED WAGON, INC., was hired by Defendant, R.D. RICE CONSTRUCTION, INC., pursuant to oral agreement.

45.    At all times hereinafter mentioned, Defendant THE PADDED WAGON, INC., was hired by Defendant, EMPIRE ERECTORS AND ELECTRICAL CO., INC., pursuant to written contract.

46.    At all times hereinafter mentioned, Defendant, THE PADDED WAGON, INC., was hired by Defendant, EMPIRE ERECTORS AND ELECTRICAL CO., INC., pursuant to oral agreement.

47.    At all times hereinafter mentioned, Defendant, THE PADDED WAGON, INC., was hired to deliver glass to the aforementioned premises.

48.    At all times hereinafter mentioned, Defendant, THE PADDED WAGON, INC.,

operated the aforementioned crane at the aforementioned premises.

49.    At all times hereinafter mentioned, Defendant, THE PADDED WAGON, INC., managed the aforementioned crane at the aforementioned premises.

50.    At all times hereinafter mentioned, Defendant, THE PADDED WAGON, INC., maintained the aforementioned crane at the aforementioned premises.

51.    At all times hereinafter mentioned, Defendant, THE PADDED WAGON, INC., controlled the aforementioned crane at the aforementioned premises.

52.    At all times hereinafter mentioned, Defendant, RIGGED RITE INC., was hired by Defendant, R.D. RICE CONSTRUCTION, INC., pursuant to written contract.

53.    At all times hereinafter mentioned, Defendant, RIGGED RITE INC. hired by Defendant, R.D. RICE CONSTRUCTION, INC., pursuant to oral agreement.

54.    At all times hereinafter mentioned, Defendant, RIGGED RITE INC., was hired by Defendant, EMPIRE ERECTORS AND ELECTRICAL CO., INC., pursuant to oral agreement.

55.    At all times hereinafter mentioned, Defendant, RIGGED RITE INC., was hired by Defendant, EMPIRE ERECTORS AND ELECTRICAL CO., INC., pursuant to a written agreement.

56.    At all times hereinafter mentioned, Defendant, RIGGED RITE INC., was hired to deliver glass to the aforementioned premises.

57.    At all times hereinafter mentioned, Defendant, RIGGED RITE INC., operated the aforementioned crane at he aforementioned premises.

58.    At all times hereinafter mentioned, Defendant, RIGGED RITE INC., managed the aforementioned crane at the aforementioned premises.

59.    At all times hereinafter mentioned, Defendant, RIGGED RITE INC., maintained the

7

aforementioned crane at the aforementioned premises.

60.    At all times hereinafter mentioned, Defendant, RIGGED RITE INC., controlled the aforementioned crane at the aforementioned premises.

61.    At all times hereinafter mentioned, RG Glass Creations, Inc. was hired as a subcontractor to perform certain work, labor, and services as to the erection and construction of the aforementioned building and premises and its interior.

62.    At all times herein mentioned, Defendant, R.D. RICE CONSTRUCTION, INC., retained the authority to modify construction, renovation, remodeling, and alteration work concerning the aforementioned building and premises.

63.    At all times herein mentioned, Defendant, R.D. RICE CONSTRUCTION, INC., retained the authority to correct unsafe construction, renovation, remodeling, and alteration work concerning the aforementioned building and premises.

64.    At all times herein mentioned, Defendant, R.D. RICE CONSTRUCTION, INC., retained the authority to avoid unsafe construction, renovation, remodeling, and alteration work concerning the aforementioned building and premises.

65.    At all times herein mentioned, Defendant, EMPIRE ERECTORS AND ELECTRICAL CO., INC., retained the authority to modify construction, renovation, remodeling, and alteration work concerning the aforementioned building and premises.

66.    At all times herein mentioned, Defendant, EMPIRE ERECTORS AND ELECTRICAL CO., INC., retained the authority to correct unsafe construction, renovation, remodeling, and alteration work concerning the aforementioned building and premises.

67.    At all times herein mentioned, Defendant, EMPIRE ERECTORS AND

8

ELECTRICAL CO., INC., retained the authority to avoid unsafe construction, renovation, remodeling, and alteration work concerning the aforementioned building and premises.

68.    At all times herein mentioned, Defendant, THE PADDED WAGON, INC., retained the authority to modify construction, renovation, remodeling, and alteration work concerning the aforementioned building and premises.

69.    At all times herein mentioned, Defendant, THE PADDED WAGON, INC., retained the authority to correct unsafe construction, renovation, remodeling, and alteration work concerning the aforementioned building and premises.

70.    At all times herein mentioned, Defendant, RIGGED RITE INC., retained the authority to avoid unsafe construction, renovation, remodeling, and alteration work concerning the aforementioned building and premises.

71.    At all times hereinafter mentioned, Plaintiff, ANGEL DELEON, was employed by RG Glass Creations, Inc.

72.    At all times hereinafter mentioned, Plaintiff, ANGEL DELEON, was employed by RG Glass Creations, Inc., to perform certain glass work at the aforementioned building and premises.

73.    At all times hereinafter mentioned, Plaintiff, ANGEL DELEON, was hired by RG Glass Creations, Inc.

74.    At all times hereinafter mentioned, Plaintiff, ANGEL DELEON, was hired by RG Glass Creations, Inc., to perform certain glass work at the aforementioned building and premises.

75.    On February 9, 2006, at or about 4:15 p.m., Plaintiff, ANGEL DELEON, was lawfully at and about Defendants' aforedescribed premises and, more particularly, on or about the fourth floor located thereat.

9

76.     On the aforementioned date and time, Plaintiff, ANGEL DELEON, was present inside the building premises as aforedescribed.

77.     On the aforementioned date, time and place, Plaintiff, ANGEL DELEON, was engaged in certain work and labor inside the building premises as aforedescribed.

78.     On the aforementioned date, time and place, Plaintiff, ANGEL DELEON, was engaged in altering the building premises as aforedescribed.

79.     On the aforementioned date, time and place, Plaintiff, ANGEL DELEON, was engaged in the erection and construction of the building premises as aforedescribed.

80.     Plaintiff was engaged in the aforedescribed labor at an elevated height.

81.     In the course of performing the aforedescribed labor, Plaintiff was exposed to objects, loads, and other materials in the process of being hoisted.

82.     In the course of performing the aforedescribed labor, Plaintiff was exposed to objects, loads, and other materials in the process of being hoisted by the aforementioned crane.

83.     In the course of performing the aforedescribed labor, Plaintiff was exposed to objects, loads, and other materials in the process of being hoisted by the aforementioned crane and delivered into the aforementioned building and premises through one or more of its upper story windows.

84.     On the aforementioned date, time and place, Defendants, their agents, servants, employees, and/or contractors were under a duty to furnish or erect or or use, or cause to be furnished or erected or used for the performance of Plaintiff's labor, rigging lines, guide-ropes, hand signals, radio signals, safety lines, safety harnesses, gloves, hard hats, restraining lines, and other devices to be so constructed, placed and operated as to give Plaintiff proper protection in the performance of his labor.

10

85.    On the aforementioned date, time and place, Defendants, their agents, servants, employees, and/or contractors failed to furnish or erect or use, or cause to be furnished or erected or used, for the performance of Plaintiff's labor, any adequate safety devices and/or safety measures that were so constructed, placed and operated so as to give Plaintiff proper protection in the performance of his labor.

86.    On the aforementioned date, time and place, Defendants, their agents, servants, employees, and/or contractors failed to use and/or to adequately maintain and/or to alter the premises in such a manner as to render said premises reasonably safe for the performance of Plaintiff's labor.

87.    On the aforementioned date, time, and place, Defendants had rendered the aforedescribed premises defective, hazardous, and dangerous for the work performed by Plaintiff.

88.    On the aforementioned date, time, and place, Defendants through affirmative acts had rendered the aforedescribed premises defective, hazardous, and dangerous for the work performed by Plaintiff.

89.    At the aforementioned time and place, while performing work on the fourth floor, Plaintiff, ANGEL DELEON, was seriously injured.

90.    At the aforementioned time and place, while performing work on the fourth floor, Plaintiff, ANGEL DELEON, was seriously injured when a load of glass, being moved by the aforementioned crane, was dropped on Plaintiff's left hand severing the top portion of his left index finger.

91.    The negligence, recklessness, and carelessness of Defendants herein, their agents, servants, and/or employees consisted of: failing to furnish Plaintiff herein with a safe place to work; failing to furnish or erect for Plaintiff or cause to be furnished or erected for Plaintiff proper

11

scaffolding, rigging lines, restraining lines, guide-ropes, and/or other protective devices so constructed, placed and operated so as to give proper protection to Plaintiff herein; employing a defective, dangerous, unsafe and hazardous crane for use by Plaintiff and/or others when said crane was unfit for its intended use; being statutorily liable to Plaintiff in that Defendants, their agents, servants, employees and/or contractees failed to furnish Plaintiff with a safe place to work; failed and neglected to furnish Plaintiff with adequate safety devices for the movement and hoisting of loads at a height; failed to properly secure the loads being hoisted; failing to failing to properly construct, shore, equip, guard, arrange, operate, and conduct the area where Plaintiff was engaged in labor as herein set forth so as to provide reasonable and adequate protection and safety to Plaintiff; failing to properly maintain the premises in which Plaintiff was engaged in labor so as to provide reasonable and adequate protection and safety to Plaintiff; failing to properly maintain sightlines between the area in which Plaintiff was engaged in labor and the crane operator so as to provide reasonable and adequate protection and safety to Plaintiff; failing to properly maintain sightlines between the area in which Plaintiff was engaged in labor and the crane operator so as to provide reasonable and adequate protection and safety to Plaintiff, including Defendants' failure to ensure that said sightlines afforded a clean line of vision between the crane operator, the signal man, and the workers handling the delivery of the load into the subject building; failing to properly maintain the premises in which Plaintiff was engaged in labor so as to provide reasonable and adequate protection and safety to Plaintiff; failing to properly maintain the premises in which Plaintiff was engaged in labor so as to provide reasonable and adequate protection and safety to Plaintiff, including Defendants' failure to ensure that said premises were fit for the delivery of hoisted loads; failing to use hand signals to instruct the crane operator; failing to use radio communications to instruct the crane operator; failing

12

to properly train employees; failing to properly train employees as to the safe and proper manner for the delivery of hoisted loads; failing to properly train employees as to the safe and proper manner for the release of hoisted loads; failing to properly train employees in the use of hand signals for communicating with the aforementioned crane; failing to otherwise ensure the safety of Plaintiff and others similarly situated; failing to furnish Plaintiff with a safe place to work; failing and neglecting to furnish Plaintiff with adequate safety devices; failing to properly operate, manage and control the aforesaid crane on said premises; failing to comply with applicable statutory and regulatory requirements intended to provide reasonable and adequate protection and safety to persons employed at and/or working at the aforementioned premises, including Defendants' violations of Labor Law § 241(6) and the Industrial Code of the State of New York, Title 12 N.Y. Admin. Code Part 23 and 2 N.Y.C.R.R. § 3-02(j)(16)(viii) & § 3-02(j)(20)(i), 23 N.Y.C.R.R. §§ 8.1(f)(2)(i) & 8.1.(f)(5), 12 N.Y.C.R.R. § 23- 1.7(b)1(i), 12 N.Y.C.R.R. §§ 23-1.7(e)(l) and (2); violating the New York City Administrative Code, 27 N.Y.C. Admin. Code R.S.19, §22.2.1, & 27 N.Y.C. Admin. Code R.S.19, §22.2.2, and further including Defendants' violations as to additional applicable Statutes, Codes, Rules, and Regulations; violating the laws, rules and regulations of the State of New York, including, but not limited to, violations of New York State Labor Law § 240; and, in other ways, Defendants, herein, their agents, servants, employees and/or contractees were negligent, reckless, and careless.

92.    The aforementioned occurrence was caused solely by the negligence of the Defendants, their agents, servants and/or employees, without any negligence on the part of the Plaintiff contributing thereto.

93.    Solely by reason of the aforementioned negligence, recklessness, and carelessness of the Defendants, their agents, servants and/or employees, as aforesaid, Plaintiff, ANGEL DELEON

13

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Attorney:  GERSOWITZ, LIBO & KOREK, P.C.

The papers served bore the index # and date of filing.

ANGEL DELEON

Plaintiff(s)

Index # 13662/06

- against -

Purchased April 4, 2006

R.D. RICE CONSTRUCTION, INC., ETAL

Defendant(s)

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK: COUNTY OF NEW YORK  ss:

BARRY F. GERMAN BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on April 19, 2006 at 02:55 PM at

532 WEST 30TH STREET
2ND FLOOR
NEW YORK, NY 10001

deponent served the within SUMMONS & VERIFIED COMPLAINT on R.D. RICE CONSTRUCTION, INC. therein named,

CORPORATION  a DOMESTIC corporation by delivering thereat a true copy of each to STEVE CLARK personally, deponent knew said corporation so served to be the corporation described in said SUMMONS & VERIFIED COMPLAINT as said Defendant and knew said individual to be the GENERAL AGENT thereof.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|-----|-----------|-----------|---------------|------------------|-----------------|
| MALE | WHITE | BLONDE | 58 | 5'11 | 200 |
| GLASSES | | | | | |

That at the time of such service deponent knew the person so served as aforesaid to be the same person mentioned and described as the Defendant in this action.

Sworn to me on:  April 20, 2006

MICHAEL SMITH
Notary Public, State of New York
No. 01SM4997428
Qualified in New York County
Comm. Expires June 8, 2006

JOEL GRABER
Notary Public, State of New York
No. 02GR4699723
Qualified in New York County
Comm. Expires February 10, 2010

BARRY F. GERMAN
License #: 982866
Invoice #: 413933

UNITED PROCESS SERVICE, INC., 3RD FLOOR, 315 BROADWAY, NEW YORK, NY  10007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Attorney: GERSOWITZ, LIBO & KOREK, P.C.

---

ANGEL DELEON

Plaintiff(s)

- against -

R.D. RICE CONSTRUCTION, INC., ETAL

Defendant(s)

The papers served bore the index # and date of filing.

Index # 13662/06

Purchased April 4, 2006

**AFFIDAVIT OF SERVICE**

---

STATE OF NEW YORK: COUNTY OF NEW YORK  ss:

STEVEN C. AVERY BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on June 12, 2006 at 12:45 PM at

SECRETARY OF STATE
ALBANY, NY

deponent served the within SUMMONS & VERIFIED COMPLAINT on EMPIRE ERECTORS AND ELECTRICIAL CO., INC. therein named,

SECRETARY
OF STATE

a Domestic corporation by delivering two true copies to DONNA CHRISTIE, LEGAL CLERK personally, deponent knew said corporation so served to be the corporation described in said summons as said Defendant and knew said individual to be AUTHORIZED to accept thereof.

Service upon the N.Y.S. Secretary of State under Section 306 of the Business Corporation Law and tendering the required fee.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|---|---|---|---|---|---|
| FEMALE | WHITE | BLONDE | 35 | 5'5 | 145 |

That at the time of such service deponent knew the person so served as aforesaid to be the same person mentioned and described as the Defendant in this action.

Sworn to me on:  June 14, 2006

MICHAEL SMITH
Notary Public, State of New York
No. 01SM4997428
Qualified in New York County
Comm. Expires June 8, 2010

JOEL GRABER
Notary Public, State of New York
No. 02GR4699723
Qualified in New York County
Comm. Expires February 10, 2010

STEVEN C. AVERY

Invoice #: 413936

UNITED PROCESS SERVICE, INC., 3RD FLOOR, 315 BROADWAY, NEW YORK, NY  10007

SUPREME COURT OF THE STATE OF NEW YORK  UNITED LAWYERS  Attorney: GERSOWITZ, LIBO & KOREK,
COUNTY OF BRONX                                                                          P.C.

---

ANGEL DELEON

                                                    Plaintiff(s)

                        - against -

R.D. RICE CONSTRUCTION, INC., ETAL

                                                    Defendant(s)

The papers served bore the index # and
date of filing.

Index # 13662/06

Purchased April 4, 2006

**AFFIDAVIT OF SERVICE**

---

STATE OF NEW YORK: COUNTY OF NEW YORK  ss:

LUIS AGOSTINI BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF
EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on April 25, 2006 at 02:33 PM at

163 EXTERIOR STREET
BRONX, NY 10451

deponent served the within SUMMONS & VERIFIED COMPLAINT on THE PADDED WAGON, INC. therein named,

**CORPORATION**  a DOMESTIC corporation by delivering thereat a true copy of each to "JOHN SMITH" personally, deponent knew
said corporation so served to be the corporation described in said SUMMONS & VERIFIED COMPLAINT as said
Defendant and knew said individual to be the GENERAL AGENT thereof.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|-----|-----------|-----------|---------------|------------------|-----------------|
| MALE | WHITE | BLONDE | 38 | 5'9 | 180 |

PERSON SPOKEN TO REFUSED TO STATE TRUE FIRST AND/OR LAST NAMES

That at the time of such service deponent knew the person so served as aforesaid to be the same person mentioned and
described as the Defendant in this action.

Sworn to me on: April 27, 2006

MICHAEL SMITH
Notary Public, State of New York
No. 01SM4997428
Qualified in New York County
Comm. Expires June 8, 2006

JOEL GRABER
Notary Public, State of New York
No. 02GR4699723
Qualified in New York County
Comm. Expires February 10, 2010

LUIS AGOSTINI
License #: 1027732
Invoice #: 413934

UNITED PROCESS SERVICE, INC., 3RD FLOOR, 315 BROADWAY, NEW YORK, NY  10007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Attorney: GERSOWITZ, LIBO & KOREK, P.C.

ANGEL DELEON

Plaintiff(s)

- against -

R.D. RICE CONSTRUCTION, INC., ETAL

Defendant(s)

The papers served bore the index # and date of filing.
Index # 13662/06

Purchased April 4, 2006

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK: COUNTY OF NEW YORK ss:

LUIS AGOSTINI BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on April 25, 2006 at 02:33 PM at

163 EXTERIOR STREET
BRONX, NY 10451

deponent served the within SUMMONS & VERIFIED COMPLAINT on RIGGED RITE INC. therein named,

CORPORATION a DOMESTIC corporation by delivering thereat a true copy of each to "JOHN SMITH" personally, deponent knew said corporation so served to be the corporation described in said SUMMONS & VERIFIED COMPLAINT as said Defendant and knew said individual to be the GENERAL AGENT thereof.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|------|------------|------------|---------------|------------------|-----------------|
| MALE | WHITE | BLONDE | 38 | 5'9 | 180 |

PERSON SPOKEN TO REFUSED TO STATE TRUE FIRST AND/OR LAST NAMES

That at the time of such service deponent knew the person so served as aforesaid to be the same person mentioned and described as the Defendant in this action.

Sworn to me on: April 27, 2006

MICHAEL SMITH
Notary Public, State of New York
No. 01SM4887428
Qualified in New York County
Comm. Expires June 8, 2006

JOEL GRABER
Notary Public, State of New York
No. 02GR4699723
Qualified in New York County
Comm. Expires February 10, 2010

LUIS AGOSTINI
License #: 1027732
Invoice #: 413934

UNITED PROCESS SERVICE, INC., 3RD FLOOR, 315 BROADWAY, NEW YORK, NY 10007

ATTENDING DOCTOR'S REPORT AND
CARRIER/EMPLOYER BILLING FORM

**STATE OF NEW YORK**
**WORKERS' COMPENSATION BOARD**

SERVICES PROVIDED UNDER WCB
MANAGED CARE PILOT PROGRAM?  YES ☐  NO ☒

| 48 HR. INITIAL | 15 DAY INITIAL ☒ | 45 DAY PROGRESS | SEE ITEM 1 ON REVERSE FOR FILING INSTRUCTIONS | ☒ PHYSICIAN | ☐ PODIATRIST | ☐ CHIROPRACTOR |

| WCB CASE NO. | CARRIER CASE NO. (IF KNOWN) | DATE OF INJURY & TIME | ADDRESS WHERE INJURY OCCURRED (CITY, TOWN OR VILLAGE) | INJURED PERSON'S SOCIAL SECURITY NUMBER |
|---|---|---|---|---|
| | 704-001704 | 02/09/06 | ON THE JOB | 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 |

| INJURED PERSON | (First Name) DELEON, (Middle Initial) (Last Name) ANGEL | ADDRESS 726 SCHENCK GASTON BLVD BROOKLYN NY | TELEPHONE NO. 3475468339 |
| EMPLOYER | R.G. GLASS CREATIONS | 76 VAN DIKE BKLYN, NY 11212 | PATIENT'S DATE OF BIRTH 05/18/62 |
| INSURANCE CARRIER | AIG CLAIMS INS | 15 CORNELL LATHAM NY 12110 | ★ Indicate days of week & times (AM or PM) when you are available to testify. |
| SUPERVISING PHYSICIAN (if any) | | | |

*If treatment was under the VFBL or VAWBL show as "Employer" the liable political subdivision and check one: ☐ VFB  ☐ VAWB

If you have filed a previous report, setting forth a history of the injury, enter its date 04/11/06 and complete items 3-23. If not, complete ALL items.

**1. How did injury occur?** Give source of information. If an occupational disease, include occupational history and date of onset of related symptoms.

PATIENT STATED WHILE AT WORK CARRYING A GLASS ON A CRATE THE CRATE DROPPED GLASS ON PATIENT'S LEFT INDEX FINGER CAUSING A DIP AMPUTATION.

**2. If there is any history or evidence of pre-existing injury, disease or physical impairment, describe specifically.**

NONE

**3. Dates of examinations on which this report is based:** 05/30/06-06/08/06   **Date of your first treatment** 03/28/06   Has patient reached maximum medical improvement? YES ☐ NO ☒  If no, when will patient be seen again?

**4. Describe treatment rendered and planned future treatment.** If X-rays were taken, so indicate. If patient was hospitalized give name/location of hospital and dates of hospitalization. If authorization is required (see items 4 & 5 on reverse), attach request and check box: ☐

DR REQUESTED PT 3X'S PER WEEK
DR REQUESTED HAND SURGEON CONSULTATION

**5. May the injury result in permanent restriction, total or partial loss of function of a part or member, or permanent facial, head or neck disfigurement?** YES ☒ NO ☐ If "yes" describe: PAIN

**6. First day of disability, if known:**   **7. Is patient working?** YES ☐ NO ☒   **8. Is patient disabled from regular duties or work?** YES ☒ NO ☐   If "yes" disability is: TOTAL ☐ PARTIAL ☒

COMPLETE ITEMS 9 AND 10 AFTER MAXIMUM MEDICAL IMPROVEMENT HAS BEEN REACHED.

**9. FOR SCHEDULE LOSS TO EXTREMITY** Enter percentage loss or loss of use and Part of Body. Use NYS WCB Medical Guidelines. Do not use AMA Guidelines. N/S   **10. Can patient do any type of work?** YES ☐ NO ☒ If "yes" describe work capacity:

**11. Was the occurrence or occupational history described above (or in your previous report which gave this information) the competent producing cause of the injury or disease and disability (if any) sustained?** YES ☒ NO ☐

**12. Diagnosis or nature of disease or injury** (Relate items 1,2,3 or 4 to Item 13E by line.) Enter code and describe nature of injury.

1. 959.5  INJURY, FINGER (LEFT)
2. 
3. 
4. 

**13.**

| A From MM DD YY | A To MM DD YY | B Place of Service | C Leave Blank | D Procedures, Services or Supplies (Explain Unusual Circumstances) CPT/HCPCS MODIFIER | E Diagnosis Code | F $ Charges | G Days or Units | H COB | I Zip Code Where Service Was Rendered |
|---|---|---|---|---|---|---|---|---|---|
| 05 30 06 | | 11 | | 97110 | 1 | 33.56 | 1 | | |
| 05 30 06 | | 11 | | 97014 | 1 | 23.48 | 1 | | |
| 05 30 06 | | 11 | | 97124 | 1 | 24.04 | 1 | | |
| 05 31 06 | | 11 | | 97014 | 1 | 23.48 | 1 | | |
| 05 31 06 | | 11 | | 97124 | 1 | 24.04 | 1 | | |
| 05 31 06 | | 11 | | 97010 | 1 | 19.52 | 1 | | |

INJURED WORKER SHOULD NOT PAY THIS BILL

SERVICES RENDERED AT
185 MARCY AVENUE
BROOKLYN, N.Y. 11211

| 14. Federal Tax I.D. Number 0-2624777  SSN ☐ EIN ☒ | 15. Patient's Account No. 05300601 3948 | 16. Total Charge $ 134.08 | 17. Amt. Pd. (Carrier Use Only) $ | 18. Bal. Due (Carrier Use Only) $ |

19. WCB Rating Code  PMR
20. WCB Authorization No.  220001-2

21. Signature of Doctor

22. Doctor's Billing Name, Address & Phone Number
(718) 218-7400
CHANTAL T. HILAIRE, MD
P.O. BOX 110960
BROOKLYN, N.Y. 11211

23. Doctor's Billing Name, Address & Phone Number
(718) 218-7400
Sunset Medical Care, PC.
P.O. BOX 110960
BROOKLYN, N.Y. 11211

C-4 (12-03)—20-06

WCB COPY     06/20/06 2699     1

SEE REVERSE FOR IMPORTANT INFORMATION

CONTINUATION TO CARRIER/EMPLOYER BILLING PORTION OF FORM C-4

| Doctor's Name | WCB Case Numer | Carrier Case Number | Date of Accident or Injury |
|---|---|---|---|
| CHANTAL T.HILAIRE, MD | | 704-001704 | 02/09/06 |

| Patient | Patient's Social Security Number: |
|---|---|
| DELEON, ANGEL | 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 |

| | A | | | | B | C | D (USE WCB CODES) | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Dates of Service From NMC DD YR - To MM DD YY | | | | Place of Service | Leave Blank | Procedures, Services or Supplies (Explain Unusual Circumstances) CPT/HCPCS MODIFIER | Diagnosis Code | $ Charges | Days or Units | COB | Zip Code Where Service was Rendered |
| | | | | | | | 97014 | | 23 48 | | | |
| 7. | 06 01 06 | | | | 11 | | 97124 | 1 | 24 04 | 1 | | |
| 8. | 06 01 06 | | | | 11 | | 97010 | 1 | 19 52 | 1 | | |
| 9. | 06 08 06 | | | | 11 | | 97014 | 1 | 23 48 | 1 | | |
| 10. | 06 08 06 | | | | 11 | | 97124 | 1 | 24 04 | 1 | | |
| 11. | 06 08 06 | | | | 11 | | 97010 | 1 | 19 52 | 1 | | |
| 12. | | | | | | | | | | | | |
| 13. | | | | | | | | | | | | |
| 14. | | | | | | | | | | | | |
| 15. | | | | | | | | | | | | |
| 16. | | | | | INJURED WORKER SHOULD NOT | | | | | | | |
| 17. | | | | | PAY THIS BILL | | | | | | | |
| 18. | | | | | | | | | | | | |
| 19. | | | | | | | | | | | | |
| 20. | | | | | | | | | | | | |
| 21. | | | | | | | | | | | | SERVICES RENDERED AT 186 MARCY AVENUE BROOKLYN, N.Y. 11211 |
| 22. | | | | | | | | | | | | |
| 23. | | | | | | | | | | | | |
| 24. | | | | | | | | | | | | |
| 25. | | | | | | | | | | | | |
| 26. | | | | | | | | | | | | |
| 27. | | | | | | | | | | | | |
| 28. | | | | | | | | | | | | |
| 29. | | | | | | | | | | | | |
| 30. | | | | | TOTAL CHARGES FOR PAGE 2 | | | | 134.08 | | | |
| 31. | | | | | TOTAL FOR PAGES 1 AND 2 | | | | 268.16 | | | |

C-4.1 (12-94)                                                                                                    NY-WCB

| ATTENDING DOCTOR'S REPORT AND CARRIER/EMPLOYER BILLING FORM | STATE OF NEW YORK WORKERS' COMPENSATION BOARD | SERVICES PROVIDED UNDER WCB MANAGED CARE PILOT PROGRAM? YES ☐ NO ☒ |
|---|---|---|

| 48 HR. INITIAL | 15 DAY INITIAL X | 45 DAY PROGRESS | SEE ITEM 1 ON REVERSE FOR FILING INSTRUCTIONS | X | PHYSICIAN | ☐ PODIATRIST | ☐ CHIROPRACTOR |

**PLEASE TYPE ALL INFORMATION**

| WCB CASE NO. | CARRIER CASE NO. (IF KNOWN) | DATE OF INJURY & TIME | ADDRESS WHERE INJURY OCCURRED (CITY, TOWN OR VILLAGE) | INJURED PERSON'S SOCIAL SECURITY NUMBER |
|---|---|---|---|---|
| | 704-001704 | 02/09/06 | ON THE JOB | 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 |

| | | | | |
|---|---|---|---|---|
| INJURED PERSON | (First Name) (Middle Initial) (Last Name)<br>DELEON, ANGEL | ADDRESS<br>726 MOTHERGASTON BLVD<br>BROOKLYN NY | TELEPHONE NO.<br>3475468339 |
| EMPLOYER | R.G. GLASS CREATIONS | 76 VAN DIKE BKLYN, NY 11212 | PATIENT'S DATE OF BIRTH<br>05/18/62 |
| INSURANCE CARRIER | AIG CLAIMS INS | 15 CORNELL<br>LATHAM NY 12110 | ★ indicate days of week & times (AM or PM) when you are available to testify. |
| SUPERVISING PHYSICIAN (if any) | | | |

*If treatment was under the VFBL or VAWBL show as "Employer" the liable political subdivision and check one: ☐ VFB ☐ VAWB

If you have filed a previous report, setting forth a history of the injury, enter its date 04/11/06 and complete items 3-23. If not, complete ALL items.

**1. How did injury occur? Give source of information. If an occupational disease, include occupational history and date of onset of related symptoms.**
PATIENT STATED WHILE AT WORK CARRYING A GLASS ON A CRATE THE CRATE DROPPED GLASS ON PATIENT'S LEFT INDEX FINGER CAUSING A DIP AMPUTATION.

**2. If there is any history or evidence of pre-existing injury, disease or physical impairment, describe specifically.**
NONE

| 3. Dates of examinations on which this report is based: 05/11/06-05/11/06 | Date of your first treatment: 03/28/06 | Has patient reached maximum medical improvement? If so, when will patient be seen again? NO |
|---|---|---|

**4. Describe treatment rendered and planned future treatment. If X-rays were taken, so indicate. If patient was hospitalized give name/location of hospital and dates of hospitalization. If authorization is required (see items 4 & 5 on reverse), attach request and check box:** ☐
DR REQUESTED PT 3X'S PER WEEK
DR REQUESTED HAND SURGEON CONSULTATION

| 5. May the injury result in permanent restriction, total or partial loss of function of a part or member, or permanent facial, head or neck disfigurement? YES ☐ NO ☐ | If "yes" describe: PAIN |
|---|---|

| 8. First day of disability, if known: | 7. Is patient working? YES ☐ NO ☐ | 9. Is patient disabled from regular duties or work? YES ☐ NO ☐ | If "yes" disability is: TOTAL ☐ PARTIAL ☐ |
|---|---|---|---|

**COMPLETE ITEMS 9 AND 10 AFTER MAXIMUM MEDICAL IMPROVEMENT HAS BEEN REACHED.**

| 9. FOR SCHEDULE LOSS OF EXTREMITY Enter percentage loss or loss of use and Part of Body. Use NYS WCB Medical Guidelines. Do not use AMA Guidelines. ____% | 10. Can patient do any type of work? YES ☐ NO ☐ If "yes" describe work capacity: |
|---|---|

| 11. Was the occurrence or occupational history described above (or in your previous report which gave this information) the competent producing cause of the injury or disease and disability (if any) sustained? YES ☒ NO ☐ |
|---|

**12. Diagnosis or nature of disease or injury (Relate items 1,2,3 or 4 to item 13E by line.) Enter code and describe nature of injury.**
1. 959.5 INJURY, FINGER (LEFT)    3. |____
2. |____    4. |____

| 13. | A. Dates of Service | | B. Place of Service | C. Leave Blank | D. (USE WCB CODES) Procedures, Services or Supplies (Explain Unusual Circumstances) CPT/HCPCS / MODIFIER | E. Diagnosis Code | F. $ Charges | G. Days or Units | H. COB | I. Zip Code Where Service was Rendered |
|---|---|---|---|---|---|---|---|---|---|---|
| | From MM DD YY | To MM DD YY | | | | | | | | |
| | 05 11 06 | | 11 | | 97110 | 1 | 33.56 | 1 | | |
| | 05 11 06 | | 11 | | 97014 | 1 | 23.48 | 1 | | |
| | 05 11 06 | | 11 | | 97010 | 1 | 10.00 | 1 | | |

INJURED WORKER SHOULD NOT PAY THIS BILL

SERVICES RENDERED AT 185 MARCY AVENUE BROOKLYN, N.Y. 11211.

| 14. Federal Tax I.D. Number 0-2624777 SSN ☐ EIN ☒ | 15. Patient's Account No. 05110511 3948 | 16. Total Charge $ 67.04 | 17. Amt. Pd. (Carrier Use Only) $ | 18. Bal. Due (Carrier Use Only) $ |
|---|---|---|---|---|

| 19. WCB Rating Code PMR | 22. Doctor's Name, Address & Phone Number (718) 218-7400 CHANTAL T.HILAIRE, MD P.O. BOX 110960 BROOKLYN, N.Y. 11211 | 23. Doctor's Billing Name, Address & Phone Number (718) 218-7400 Sunset Medical Care, PC. P.O. BOX 110960 BROOKLYN, N.Y. 11211 |
|---|---|---|

| 20. WCB Authorization No. 220001-2 | |
|---|---|
| 21. Signature of Doctor    Date 05-23-06 | |

C-4 (12-99)    WCB COPY    05/23/06 2699    1

SEE REVERSE FOR IMPORTANT INFORMATION

| ATTENDING DOCTOR'S REPORT AND CARRIER/EMPLOYER BILLING FORM | STATE OF NEW YORK WORKERS' COMPENSATION BOARD | SERVICES PROVIDED UNDER WCB MANAGED CARE PILOT PROGRAM? | YES | NO |
|---|---|---|---|---|

| 48 HR. INITIAL | X | 15 DAY INITIAL | 45 DAY PROGRESS | SEE ITEM 1 ON REVERSE FOR FILING INSTRUCTIONS | X PHYSICIAN | PODIATRIST | CHIROPRACTOR |

**PLEASE TYPE ALL INFORMATION**

| WCB CASE NO. | CARRIER CASE NO. (IF KNOWN) | DATE OF INJURY & TIME | ADDRESS WHERE INJURY OCCURRED (CITY, TOWN OR VILLAGE) | INJURED PERSON'S SOCIAL SECURITY NUMBER |
|---|---|---|---|---|
| | 704-001704 | 02/09/06 | ON THE JOB | 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 |

| INJURED PERSON | (First Name) (Middle Initial) (Last Name)  DELEON, ANGEL | ADDRESS 400 MOTHER GASTON BLVD  BROOKLYN NY | TELEPHONE NO. 3475468339 |
|---|---|---|---|
| EMPLOYER | R.G. GLASS CREATIONS | 76 VAN DIKE BKLYN, NY 11212 | PATIENT'S DATE OF BIRTH 05/18/62 |
| INSURANCE CARRIER | AIG CLAIMS INS | 15 CORNELL LATHAM NY 12110 | ★ Indicate days of week & times (AM or PM) when you are available to testify. |
| SUPERVISING PHYSICIAN (if any) | | | |

*If treatment was under the VFBL or VAWBL, show as "Employer" the liable political subdivision and check one: ☐ VFB  ☐ VAWB

If you have filed a previous report, setting forth a history of the injury, enter its date of 04/11/06 and complete items 3-23. If not, complete ALL items.

**1. How did injury occur? Give source of information. If an occupational disease, include occupational history and date of onset of related symptoms.**
PATIENT STATED WHILE AT WORK CARRYING A GLASS ON A CRATE THE CRATE DROPPED GLASS ON PATIENT'S LEFT INDEX FINGER CAUSING A DIP AMPUTATION.

**2. If there is any history or evidence of pre-existing injury, disease or physical impairment, describe specifically.**
NONE

| 3. Dates of examinations on which this report is based: 03/28/06-04/26/06 | Date of your first treatment 03/28/06 | Has patient reached maximum medical improvement? NO  If no, when will patient be seen again? |
|---|---|---|

**4. Describe treatment rendered and planned future treatment. If X-rays were taken, so indicate. If patient was hospitalized give name/location of hospital and dates of hospitalization. If authorization is required (see Items 4 & 5 on reverse), attach request and check box.** ☐
DR REQUESTED PT 3X'S PER WEEK
DR REQUESTED HAND SURGEON CONSULTATION

| 5. May the injury result in permanent restriction, total or partial loss of function of a part or member, or permanent facial, head or neck disfigurement? | YES | NO X | If "yes" describe: PAIN |
|---|---|---|---|

| 6. First day of disability, if known: | 7. Is patient working? YES X NO | 8. Is patient disabled from regular duties or work? YES X NO | If "yes" disability is: | TOTAL | PARTIAL X |
|---|---|---|---|---|---|

**COMPLETE ITEMS 9 AND 10 AFTER MAXIMUM MEDICAL IMPROVEMENT HAS BEEN REACHED.**

| 9. FOR SCHEDULE LOSS TO EXTREMITY Enter percentage loss of loss of use and Part of Body. Use NYS WCB Medical Guidelines. Do not use AMA Guidelines.  % | 10. Can patient do any type of work? YES NO X If "yes" describe work capacity: |
|---|---|

| 11. Was the occurrence or occupational history described above (or in your previous report which gave this information) the competent producing cause of the injury or disease and disability (if any) sustained? | YES X | NO |
|---|---|---|

**12. Diagnosis or nature of disease or injury (Relate Items 1,2,3 or 4 to Item 13E by line.) Enter code and describe nature of injury.**
1. B59.5 INJURY, FINGER (LEFT)    3.
2.    4.

| 13. | A | | | | B | C | D (USE WCB CODES) | | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | From MM | To DD YY | MM | DD YY | Place of Service | Leave Blank | Procedures, Services or Supplies (Explain Unusual Circumstances) CPT/HCPCS | MODIFIER | Diagnosis Code | $ Charges | Days or Units | COB | Zip Code Where Service was Rendered |
| | 03 28 06 | | | | | | 99202 | | 1 | 62.00 | 1 | | |
| | 03 28 06 | | | | 11 | | 97110 | | 1 | 33.56 | 1 | | |
| | 03 28 06 | | | | | | 97014 | | 1 | 23.48 | 1 | | |
| | 04 25 06 | | | | | | 99212 | | 1 | 38.52 | 1 | | |
| | 04 25 06 | | | | 11 | | 97110 | | 1 | 33.56 | 1 | | |
| | 04 25 06 | | | | | | 97014 | | 1 | 23.48 | 1 | | |

| 14. Federal Tax I.D. Number 20-2624777 | SSN | EIN X | 15. Patient's Account No. 03280425 3948 | 16. Total Charge $ 214.70 | 17. Amt. Pd. (Carrier Use Only) $ | 18. Bal. Due (Carrier Use Only) $ |
|---|---|---|---|---|---|---|

| 19. WCB Rating Code PMR | 22. Doctor's Name, Address & Phone Number (718) 218-7400 CHANTAL T. HILAIRE, MD P.O. BOX 110960 BROOKLYN, N.Y. 11211 | 23. Doctor's Billing Name, Address & Phone Number (718) 218-7400 Sunset Medical Care, PC. P.O. BOX 110960 BROOKLYN, N.Y. 11211 |
|---|---|---|
| 20. WCB Authorization No. 220001-2 | | |
| 21. Signature of Doctor   Chantal Hilaire   Date 05-09-06 | | |

C-4 (12-99)

WCB COPY

05/09/06 2699    1

INJURED WORKER SHOULD NOT PAY THIS BILL

SERVICES RENDERED AT 185 MARCY AVENUE BROOKLYN, N.Y. 11211

SEE REVERSE FOR IMPORTANT INFORMATION

**CONTINUATION TO CARRIER/EMPLOYER BILLING PORTION OF FORM C-4**

| Doctor's Name | WCB Case Numer | Carrier Case Number | Date of Accident or Injury |
|---|---|---|---|
| CHANTAL T.HILAI RE, MD | | 704-001704 | 02/09/06 |

| Patient | Patient's Social Security Number: |
|---|---|
| DELEON, ANGEL | 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 |

| | A Dates of Service | | B Place of Service | C Leave Blank | D (USE WCB CODES) Procedures, Services or Supplies (Explain Unusual Circumstances) | | E Diagnosis Code | F $ Charges | G Days or Units | H COB | I Zip Code Where Service was Rendered |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | From MM DD 06 | To MM DD YY | | | 97XXX | MODIFIER | | 10.00 | | | |
| 7. | 04 26 06 | | 11 | | 97110 | | 1 | 33.56 | 1 | | |
| 8. | 04 26 06 | | 11 | | 97014 | | 1 | 23.48 | 1 | | |
| 9. | 04 26 06 | | 11 | | 97010 | | 1 | 10.00 | 1 | | |
| 10. | | | | | | | | | | | |
| 11. | | | | | | | | | | | |
| 12. | | | | | | | | | | | |
| 13. | | | | | | | | | | | |
| 14. | | | | | | | | | | | |
| 15. | | | | | | | | | | | |
| 16. | | | | | | | | | | | |
| 17. | | | | | | | | | | | |
| 18. | | | | | | | | | | | |
| 19. | | | | | | | | | | | |
| 20. | | | | | | | | | | | |
| 21. | | | | | | | | | | | |
| 22. | | | | | | | | | | | |
| 23. | | | | | | | | | | | |
| 24. | | | | | | | | | | | |
| 25. | | | | | | | | | | | |
| 26. | | | | | | | | | | | |
| 27. | | | | | | | | | | | |
| 28. | | | | | | | | | | | |
| 29. | | | | | | | | | | | |
| 30. | | | | TOTAL CHARGES FOR PAGE 2 | | | 77.04 | | | |
| 31. | | | | TOTAL FOR PAGES 1 AND 2 | | | 291.74 | | | |

INJURED WORKER SHOULD NOT PAY THIS BILL

SERVICES RENDERED AT 185 MARCY AVENUE BROOKLYN, NY. 11211

C-4.1 (12-94)                                        NY-WCB

| ATTENDING DOCTOR'S REPORT AND CARRIER/EMPLOYER BILLING FORM | STATE OF NEW YORK WORKERS' COMPENSATION BOARD | SERVICES PROVIDED UNDER WCB MANAGED CARE PILOT PROGRAM? YES [ ] NO [ ] |

| [X] 48 HR. INITIAL | [ ] 15 DAY INITIAL | [ ] 45 DAY PROGRESS | SEE ITEM 1 ON REVERSE FOR FILING INSTRUCTIONS | [X] PHYSICIAN | [ ] PODIATRIST | [ ] CHIROPRACTOR |

**PLEASE TYPE ALL INFORMATION**

| WCB CASE NO. | CARRIER CASE NO. (IF KNOWN) | DATE OF INJURY & TIME | ADDRESS WHERE INJURY OCCURRED (CITY, TOWN OR VILLAGE) | INJURED PERSON'S SOCIAL SECURITY NUMBER |
|---|---|---|---|---|
| | | 02/09/06 | ON THE JOB | 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 |

| INJURED PERSON | (First Name) (Middle Initial) (Last Name) DELEON, ANGEL | ADDRESS 2702 MOTHERGASTON BLVD BROOKLYN NY | TELEPHONE NO. 3475468339 |
| EMPLOYER | R.G. GLASS | 76 VAN DIKE BKLYN, NY 11212 | PATIENT'S DATE OF BIRTH 05/18/62 |
| INSURANCE CARRIER | NOT YET AVAILABLE | | ★ Indicate days of week & times (AM or PM) when you are available to testify. |
| SUPERVISING PHYSICIAN (if any) | | | |

"If treatment was under the VFBL or VAWBL show as "Employer" the liable political subdivision and check one: [ ] VFB [ ] VAWB

If you have filed a previous report, setting forth a history of the injury, enter its date ____ and complete items 3-23. If not, complete ALL items.

1. How did injury occur? Give source of information. If an occupational disease, include occupational history and date of onset of related symptoms.

PATIENT STATED WHILE AT WORK CARRYING A GLASS ON A CRATE THE CRATE DROPPED GLASS ON PATIENT'S LEFT INDEX FINGER CAUSING A DIP AMPUTATION

2. If there is any history or evidence of pre-existing injury, disease or physical impairment, describe specifically.

NONE

| 3. Dates of examinations on which this report is based: 03/28/06-03/28/06 | Date of your first treatment 03/28/06 | Has patient reached maximum medical improvement? If no, when will patient be seen again? NO |

4. Describe treatment rendered and planned future treatment. If X-rays were taken, so indicate. If patient was hospitalized give name/location of hospital and dates of hospitalization. If authorization is required (see items 4 & 5 on reverse), attach request and check box [ ]

DR REQUESTED PT 3X'S PER WEEK
DR REQUESTED HAND SURGEON CONSULTATION

| 5. May the injury result in permanent restriction, total or partial loss of function of a part or member, or permanent facial, head or neck disfigurement? YES [X] NO [ ] | If "yes" describe: PAIN |
| 6. First day of disability, if known: | 7. Is patient working? YES [ ] NO [ ] | 8. Is patient disabled from regular duties or work? YES [ ] NO [ ] | If "yes" disability is: [ ] TOTAL [ ] PARTIAL |

**COMPLETE ITEMS 9 AND 10 AFTER MAXIMUM MEDICAL IMPROVEMENT HAS BEEN REACHED.**

| 9. FOR SCHEDULE LOSS TO EXTREMITY Enter percentage loss or loss of use and Part of Body. Use NYS WCB Medical Guidelines. Do not use AMA Guidelines. ____% | 10. Can patient do any type of work? YES [ ] NO [ ] If "yes" describe work capacity: |

| 11. Was the occurrence or occupational history described above (or in your previous report which gave this information) the competent producing cause of the injury or disease and disability (if any) sustained? YES [X] NO [ ] |

12. Diagnosis or nature of disease or injury (Relate items 1,2,3 or 4 to item 13E by line). Enter code and describe nature of injury.

1. 959.5 INJURY, FINGER (LEFT)    3. ____
2. ____    4. ____

| 13. | A Dates of Service From MM DD YY — To MM DD YY | B Place of Service | C Leave Blank | D (USE WCB CODES) Procedures, Services or Supplies (Explain Unusual Circumstances) CPT/HCPCS    MODIFIER | E Diagnosis Code | F $ Charges | G Days or Units | H COB | I Zip Code Where Service was Rendered |
|---|---|---|---|---|---|---|---|---|---|
| | 03 28 06 | | | 99202 | 1 | 62.00 | 1 | | |
| | 03 28 06 | 11 | | 97110 | 1 | 33.56 | 1 | | |
| | 03 28 06 | | | 97014 | | 23.48 | | | |

INJURED WORKER SHOULD NOT PAY THIS BILL

SERVICES RENDERED AT 185 MARCY AVENUE BROOKLYN, N.Y. 11211

| 14. Federal Tax I.D. Number SSN [ ] EIN [X] 0-2624777 | 15. Patient's Account No. 03280328 3948 | 16. Total Charge $ 119.04 | 17. Amt. Pd. (Carrier Use Only) $ | 18. Bal. Due (Carrier Use Only) $ |
| 19. WCB Rating Code PMR | 22. Doctor's Name, Address & Phone Number (718) 218-7400 CHANTAL T.HILAIRE, MD P.O. BOX 110960 BROOKLYN, N.Y. 11211 | 23. Doctor's Billing Name, Address & Phone Number (718) 218-7400 Sunset Medical Care, PC. P.O. BOX 110960 BROOKLYN, N.Y. 11211 |
| 20. WCB Authorization No. 220001-2 | | |
| 21. Signature of Doctor [signature] Date | | |

C-4 (12-99) 09-11-06    WCB COPY    04/11/06 2699    1

SEE REVERSE FOR IMPORTANT INFORMATION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANGEL DELEON,

               Plaintiff,

-against-

R.D. RICE CONSTRUCTION, INC., EMPIRE
ERECTORS AND ELECTRICAL CO., INC., THE
PADDED WAGON, INC., and  RIGGED RITE, INC.,

               Defendants.
-----------------------------------------------------------------X

**AFFIDAVIT**

Case No.: 08cv2517(SAS)

STATE OF NORTH CAROLINA)
                        SS.:
COUNTY OF  HARNETT     )

Angel DeLeon, being duly sworn, deposes and says:

1.     I am the plaintiff in the above action and I submit this affidavit in support of the within motion to remand this action back to Supreme Court, Bronx County.

2.     That on February 9, 2006, I was injured during the course of my employment when a crate of glass was dropped on my left hand, severing the distal tip of my left index finger. I underwent two surgeries to repair the partial amputation of my left index finger.

3.     An action was commenced against the parties responsible for my injuries by my attorneys in Supreme Court, Bronx County on April 4, 2006 through the filing of a Summons and Verified Complaint.

4.     That on April 4, 2006, I resided at 720 Mother Gaston Avenue, Apt. 5C, Brooklyn, New York, 11212.

5.    That following this incident I returned to work at Carvart Architectural Glass/RG Glass Creations, Inc. in Brooklyn, New York. I was employed by Carvart Architectural Glass/RG Glass Creations, Inc. on April 4, 2006 and continued to work there until the summer of 2006.

6.    That in June or July of 2006 I moved from New York to North Carolina. The North Carolina Division of Motor Vehicles issued a North Carolina Driver's License to me on September 07, 2006.

DATED: Harnett County, North Carolina
        March ___ , 2008

_____
                Angel Deleon

Sworn to before me this *2/ST*

day of March _____, 2008

SUBSCRIBED AND SWORN TO BEFORE ME
THIS *21* DAY OF *March 2008*
BY _____
*Gypsy W. Hunt*
        NOTARY PUBLIC
*My Commission expires 9-15, 2010.*

2

1

1

2      SUPREME COURT OF THE STATE OF NEW YORK
              COUNTY OF QUEENS
3      ------------------------------------------------
       PROGRESSIVE PREMIER INSURANCE COMPANY OF ILLINOIS,
4
                         Petitioner,
5
                                        Index No.
6                                       279

7                      -against-

8      ANGEL DELEON,

9                         Respondent.

10     ------------------------------------------------

11                       March 9, 2007
                         11:21 A.m.
12
                         111 Broadway
13                       New York, New York

14

15              EXAMINATION UNDER OATH of ANGEL DELEON,

16     the Respondent, held at the above-noted time and place

17     before Deborah Ryan, a Notary Public of the State of

18     New York.

19

20

21

22

23

24

25


                 Advanced Reporting Service        (718) 225-8100

21

1                          Deleon
2          Q       That apartment, was that under your
3    name, your wife's name, both names or somebody
4    else's name?
5          A       My name.
6          Q       Did you have a lease with the
7    landlord?
8          A       Yes.
9          Q       When you moved out of the apartment in
10   5C, did you have to break the lease or did your
11   lease expire?
12         A       I had to wait for my lease to finish.
13         Q       Once your lease expired is when you
14   opted to move out?
15         A       Yes.
16         Q       Approximately what month was that in
17   2006 that you moved out of that apartment; I am
18   just asking about you right now?
19         A       It was the time when I went down to
20   North Carolina to get the insurance for my car.
21         Q       When was that?
22         A       That was between July or June.  I
23   don't remember if that was the date.  The policy
24   was done through the phone.
25         Q       Sometime between June and July 2006,

22

1                         Deleon

2      you moved out of apartment 5C?

3          A     Yes.

4          Q     When you and that means only you, when

5      you moved out of apartment 5C in July 2006, where

6      did you go?

7          A     4134 Wire Road.

8          Q     Your next direct residence would be

9      down in Linden, North Carolina?

10         A     Yes, that is my residence

11                    MR. LIBO:  Are you asking was he

12               living there full-time at that point?

13                    MS. GIROLAMO:  When he

14               physically moved out of his apartment,

15               where did he move to; did he move to

16               his mother's, did he move to North

17               Carolina?

18                    MR. LIBO:  Fine.

19         Q     You physically moved you and your

20     belongings to North Carolina?

21         A     Yes.

22         Q     When you moved to North Carolina in

23     June or July 2006, did Angelese Santiago move with

24     you?

25         A     No.

1

2    SUPREME COURT OF THE STATE OF NEW YORK

3    COUNTY OF QUEENS

4    _ _ _ _ _ _ _ _ _ _ _ _ _ _ x

5    PROGRESSIVE PREMIER INSURANCE COMPANY OF

6    ILLINOIS,

7                          Petitioner,

8         - against -   Index No. 279

9    ANGEL DELEON,

10                        Respondent.

11   _ _ _ _ _ _ _ _ _ _ _ _ _ x

12                      September 7, 2007

13                      1:30 p.m.

14

15       EXAMINATION Under Oath of ANGEL DELEON,

16   the Respondent, taken by the Petitioner,

17   held at 111 Broadway, New York, New York,

18   before Kim M. Mooney, Notary Public of the

19   State of New York.

20

21

22

23

24

25

          ADVANCED REPORTING SERVICES (718) 225-8100

```
 1                    A. DELEON              8
 2    A    Yes.
 3    Q    What does full-time consist of?
 4    A    8:00 to 4:30.
 5    Q    Before living in or at 8783 Coats
 6    road, you lived at 3444 Wire road?
 7    A    Yes.  That is like not even a half a
 8    mile from them.
 9    Q    So they are close?
10    A    Yes.
11    Q    I believe you had testified the last
12    time that you had moved to North Carolina
13    sometime in the summer of 2006?
14    A    Yes.
15    Q    Let's start with that.  When
16    approximately did you move from New York
17    to North Carolina in the summer of 2006?
18    A    It was right around June, or July, or
19    something like that.
20    Q    Do you have anything closer?  Was it
21    around July 4th or more towards the end of
22    July?
23    A    It was like in the middle.
24    Q    Of which month?
25    A    Somewhere in June.  Somewhere in the
           ADVANCED REPORTING SERVICES (718) 225-8100
```



DR TRACKING NO: 0784461

NORTH CAROLINA DIVISION OF MOTOR VEHICLES
RDLSI/DRIVING RECORD                    PAGE NO:    1
REPORT TYPE: CERTIFIED REPORT                       DATE: 03-18-08

NAME: DELEON ANGEL LUIS
ADDRESS:  39 ROSE ST
CITY:  SPRING LAKE            STATE: NC  ZIP: 283907513  TOTAL POINTS:    0
DOB:05-18-62   HEIGHT: 5 FT. 09 IN.   SEX: M  EYES: BRO  HAIR: BLK  RACE: H
PRIMARY LICENSE NO: 000037619481
SECONDARY LICENSE NO:              NON-RESIDENT MILITARY:
ORG. ISS.DT: 09-07-06 OS DL NO:                  OS STATE:

      *** DRIVER LICENSE STATUS: CLS C ACTIVE ***

          LIC                                LMT COND
CLASS GRP TYP ISSUE DT  EXPIR DT CDL  DISQ  PROB PRIV RESTR   STATUS
  C        D  02-06-08  05-18-12  N    N     N    N    N    INACTIVE
ENDORS:            RESTRICT: 0

          LIC                                LMT COND
CLASS GRP TYP ISSUE DT  EXPIR DT CDL  DISQ  PROB PRIV RESTR   STATUS
  C        D  08-22-07  05-18-12  N    N     N    N    N    INACTIVE
ENDORS:            RESTRICT: 0

  OCCUR/      CONV/
  BEG DATE    END DATE       NATURE OF RECORD OR DIVISION ACTION        POINTS

            SCHBUS: NOT ELIG FOR SCHOOL BUS DRIVER CERTIFICATION

02-06-08  05-18-12  DUP ISS: CLS C        EN:         RS:0

09-21-07            HEARING: PRE-HEARING - NO ACTION

08-22-07  05-18-12  DUP ISS: CLS C        EN:         RS:0

03-03-07  05-17-07  CONV:  (313)SPEEDING ( 79 MPH IN A 55)
                    COURT: DMVNJ-MOTOR VEHICLE SVCS
                    COURT: AOC #: 000037619481-UNK   CITATION ID: 108871

09-07-06  05-18-12  ORG ISS: CLS C        EN:         RS:0

            **** CONTINUE ON TO PAGE  2 ****

I certify that the foregoing is a true copy of the driving record of the within named person
on the file in the Driver License Section of the N.C. Division of Motor Vehicles.

Signed _William C. Gore Jr._____
            Commissioner of Motor Vehicles



DR TRACKING NO: 0784461

NORTH CAROLINA DIVISION OF MOTOR VEHICLES
RDLSI/DRIVING RECORD                    PAGE NO:    2
                                        DATE: 03-18-08
CUST ID  000037619481

WITHDRAWALS
NO WITHDRAWAL DATA TO REPORT

CONVICTIONS
NO CONVICTION DATA TO REPORT

ACCIDENTS
NO ACCIDENT DATA TO REPORT

* *   END OF DR   * *

I certify that the foregoing is a true copy of the driving record of the within named person
on the file in the Driver License Section of the N.C. Division of Motor Vehicles.

Signed _____

Commissioner of Motor Vehicles

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGEL DELEON,

              Plaintiff,

         -against-

R.D. RICE CONSTRUCTION, INC.; EMPIRE ERECTORS AND
ELECTRICAL CO., INC.; THE PADDED WAGON, INC.; and RIGGED RITE,
INC.,

              Defendant.

## MOTION TO REMAND

GERSOWITZ LIBO & KOREK, P.C.
*Attorneys for* Plaintiff

*Office and Post Office Address-Telephone*
**111 BROADWAY – 12TH FLOOR**
**NEW YORK, N.Y. 10006**
**(212) 385-4410**

To

Attorney(s) for

Service of a copy of the within
Dated,                                                                 is hereby admitted.

              Attorney(s) for

═══════ NOTICE OF ENTRY ═══════

Sir: Please take notice that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on                                                        20

Dated,

           Yours, etc.,
GERSOWITZ LIBO & KOREK, P.C.
*Attorneys for*

*Office and Post Office Address*
**111 BROADWAY – 12TH FLOOR**
**NEW YORK. N.Y. 10022**

To

Attorney(s) for

═══════ NOTICE OF SETTLEMENT ═══════

Sir: Please take notice that an order

of which the within is a true copy will be presented for settlement to the Hon.

one of the judges of the within named Court, at

on                                                             20
at
Dated,                       M.

           Yours, etc.,
GERSOWITZ LIBO & KOREK, P.C.
*Attorneys for*

*Office and Post Office Address*
**111 BROADWAY – 12TH FLOOR**
**NEW YORK. N.Y. 10022**

To

Attorney(s) for